**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**EDWARD TREAT et al.,**

                **Plaintiffs,**                  **9:12-cv-602
                                                          (GLS/DEP)**

            **v.**

**CENTRAL NEW YORK
PSYCHIATRIC CENTER et. al,**

                **Defendants.**
_____

**APPEARANCES:**                      **OF COUNSEL:**

**FOR THE PLAINTIFFS:**
Edward Treat
Pro Se
345241
CNY PC
P.O. Box 300
Marcy, NY 13403

Larry Brown
Pro Se
246987
CNY PC
P.O. Box 300
Marcy, NY 13403

Myron Wright
Pro Se
16906
CNY PC
P.O. Box 300
Marcy, NY 13403

Richard Zimmer
Pro Se
26118
CNY PC
P.O. Box 300
Marcy, NY 13403

**FOR THE DEFENDANTS:**
HON. ERIC T. SCHNEIDERMAN
New York State Attorney General
The Capitol
Albany, NY 12224

DOUGLAS J. GOGLIA
Assistant Attorney General

**Gary L. Sharpe**
**Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiffs *pro se* Edward Treat, Larry Brown, Myron Wright, and Richard Zimmer commenced this action against defendants Central New York Psychiatric Center (CNYPC), the New York Office of Mental Health, Michael F. Hogan, Maureen Bosco, Barbara Miller, Marianne Madia, Anthony Gonzalez, James Morgan, Jeff Nowicki, Terri Maxymillain, Elaine Dziadyk, and Miya Burt, pursuant to 42 U.S.C. § 1983, alleging

deprivation of their rights under the Eighth[1] and Fourteenth Amendments of the United States Constitution, section 504 of the Rehabilitation Act, 29 U.S.C. § 794, the New York State Constitution, and the New York State Mental Hygiene Law. (Compl., Dkt. No. 1.) Defendants filed a motion for summary judgment in lieu of an answer, seeking dismissal of plaintiffs' claims as a matter of law. (Dkt. No. 27.)

In a Report-Recommendation and Order (R&R) dated August 28, 2013, Magistrate Judge David E. Peebles recommended that defendants' motion be granted, plaintiffs' federal claims be dismissed, and the court decline to exercise supplemental jurisdiction over the remaining state law claims.[2] (Dkt. No. 51.) Plaintiffs filed timely objections to the R&R. (Dkt. No. 52.) For the reasons that follow, the R&R is adopted in its entirety.

---

[1] At the outset, it should be noted that, although plaintiffs bring their claims concerning their conditions of confinement under the Eighth Amendment, their claims arise under the Fourteenth Amendment because they are involuntarily committed residents of a state institution. *Youngberg v. Romeo*, 457 U.S. 307, 315 (1982) (holding that respondent, who was involuntarily committed to a state institution, had constitutionally protected liberty interests under the due process clause of the Fourteenth Amendment).

[2] The Clerk is directed to link the R&R to this decision; familiarity therewith is presumed.

## II. **Background**

Plaintiffs are four convicted sex offenders who have been involuntarily committed to CNYPC for treatment under the Sex Offender Management and Treatment Act (SOMTA). (Compl. ¶¶ 4, 10-17.) Plaintiffs primarily allege that the recently enacted bathroom and shower usage policies at CNYPC have deprived them of life's necessities and subjected them to overcrowding and inhumane conditions, in violation of their substantive due process rights under the Fourteenth Amendment. (*See generally* Compl.)

In May 2010, an emergency bathroom and shower policy was put in place due to several incidents occurring in the bathrooms, including voluntary and involuntary sexual activity, fights, and trafficking of contraband. (Dkt. No. 27, Attach. 4 ¶¶ 18-20.) Under the emergency policy, all of the bathrooms were monitored by Secure Treatment Care Aids (SCTAs) at all times, use of the bathrooms and shower rooms was restricted to one resident at a time, the bathroom in the treatment mall was to remain locked at all times when the SCTAs were unavailable to monitor, and residents were required to register in advance for fifteen

minute shower time slots. (*Id.* ¶¶ 21-23.)

In July 2010, final "Resident Bathroom and Shower Policies" were implemented. (*Id.* ¶ 24.) These policies permitted multiple residents to use the bathrooms within the residential units between the hours of 7:00 a.m. and 11:00 p.m., but retained the single use practice during all other hours in the residential units and at all times in the treatment mall. (*Id.* ¶ 25.) The final policy also expanded the hours during which fifteen minute shower slots were available. (*Id.* ¶¶ 24, 26.)

### III. <u>Standard of Review</u>

Before entering final judgment, this court routinely reviews all report and recommendation orders in cases it has referred to a magistrate judge. If a party has objected to specific elements of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations *de novo*. *See Almonte v. N.Y. State Div. of Parole*, No. Civ. 904CV484GLS, 2006 WL 149049, at *3, *5 (N.D.N.Y. Jan. 18, 2006). In those cases where no party has filed an objection, only vague or general objections are filed, or a party resubmits the same papers and arguments already considered by the magistrate judge, this court reviews

the findings and recommendations of the magistrate judge for clear error.[3] *See id.* at *4-5.

## IV. **Discussion**

Plaintiffs filed both general and specific objections to the R&R. Plaintiffs' specific objections can succinctly be summarized as follows: (1) Judge Peebles erroneously determined that the bathroom and shower policies only minimally inconvenienced plaintiffs, (Dkt. No. 52 at 1-2); (2) Judge Peebles misapplied the standard of review by reviewing plaintiffs' complaint in the light most favorable to defendants, and erroneously concluded that the policies were implemented due to a legitimate emergency giving rise to security concerns, (*id.* at 2-3); and (3) Judge Peebles failed to review plaintiffs' claims regarding defendants' downgrading of their complaints of abuse, (*id.* at 3). Additionally, plaintiffs filed one general objection, contending that Judge Peebles failed to review their deliberate indifference claim and claims of inhumane and unsanitary conditions, (*id.* at 3, 4). Plaintiffs objections are without merit,

---

[3] "[A] report is clearly erroneous if the court determines that there is a mistake of fact or law which is obvious and affects substantial rights." *Almonte*, 2006 WL 149049, at *6.

6

and the court addresses each in turn.

## A. <u>Specific Objections</u>

Plaintiffs filed three specific objections, which warrant *de novo* review. *Almonte*, 2006 WL 149049, at *3, *5.

*1. Inconvenience Imposed By Bathroom and Shower Policies*

First, plaintiffs dispute Judge Peebles' finding that the bathroom and shower policies were merely a modest imposition on plaintiffs. (Dkt. No. at 1, 3.) Specifically, plaintiffs assert that, contrary to Judge Peebles' finding, they were required to wait longer than five or ten minutes to use the bathroom, and in several instances, they were required to wait twenty or forty minutes. (*Id.* at 1-2.) Additionally, plaintiffs argue that, also contrary to Judge Peebles' finding, they did claim that they were denied the right to shower daily, (*id.* at 2), and the new bathroom and shower policies caused "overcrowding conditions," (*id.* at 3). Whether plaintiffs waited five or forty minutes to use the bathroom, or showered every other day, rather than every day, however, plaintiffs have not pleaded facts that

give rise to an unconstitutional deprivation of due process.[4]

Individuals in custody do not have a constitutional right to use the bathroom or to shower whenever they please. *See Odom v. Keane*, No. 95 Civ. 9941, 1997 WL 576088, at *4-5 (S.D.N.Y. Sept. 17, 1997) (explaining that the plaintiff's claim that he was denied access to the bathroom for ten hours was not sufficient to survive summary judgment); *see also Davenport v. DeRobertis*, 844 F.2d 1310, 1316-17 (7th Cir. 1988) (finding one shower per week for prisoners to be constitutionally sufficient); *Groves v. New York*, No. 9:09-CV-0412, 2010 WL 1257858, at *8, n.15 (N.D.N.Y. Mar. 1, 2010) (holding that CNYPC resident's two-hour

---

[4] Fourteenth Amendment claims challenging the conditions of involuntary confinement have been analyzed in a manner similar to Eighth Amendment claims, under which the plaintiff must establish that the conditions are sufficiently serious, from an objective point of view, and that the official acted with "deliberate indifference." *Dove v. City of N.Y.*, No. 03-CV-5052, 2007 WL 805786, at *7-8 (E.D.N.Y. Mar. 15, 2007). Some courts, however, have applied a more narrow subjective standard, particularly against defendants who are "professionals," under which liability would attach only to conduct that constituted a "substantial departure from accepted professional judgment, practice, or standards." *Vallen v. Carrol*, No. 02-civ-5666, 2005 WL 2296620, at *8-9 (S.D.N.Y. Sept. 20, 2005) (quoting *Youngberg*, 457 U.S. at 323). The court, however, agrees with Judge Peebles that no reasonable factfinder could conclude that the bathroom and shower policies violate the Constitution under either standard, and it therefore is unnecessary to determine which standard should apply. (R&R at 16 n.6.)

lapse for request to use bathroom did not give rise to a constitutional violation); *Bourdon v. Roney*, No. 9:99-CV-0769, 2003 WL 2108177, at *10-11 (N.D.N.Y. Mar. 6, 2003) (dismissing a pre-trial detainee plaintiff's claim where he was denied access to a bathroom for a maximum of three hours); *Beckford v. Portuondo*, 151 F. Supp. 2d 204, 211 (N.D.N.Y. 2001) ("Nowhere has it been held that prisoners are entitled to complete and unfettered access to water or showers."). Instead, state officials are required to provide housing under "humane conditions," and "adequate food, clothing, shelter, and medical care." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Persons in custody are entitled to "[r]easonably adequate sanitation and the ability to eliminate and dispose of one's bodily wastes." *Odom*, 1997 WL 576088, at *4-5.

Here, plaintiffs allege that they were forced to wait up to forty minutes to use the bathroom, (Compl. ¶ 69), and that there were an insufficient number of shower slots, causing plaintiffs to occasionally wait until the next day to shower, (*id.* ¶¶ 140-41). Given that ten hours without access to a bathroom has been held to be constitutionally sufficient, *Odom*, 1997 WL 576088, at *4-5, and that one shower per week has been

held to pass constitutional muster, *Davenport*, 844 F.2d at 1316-17, the CNYCP's bathroom and shower policies do not violate plaintiffs' Fourteenth Amendment due process rights. Accordingly, plaintiffs have failed to allege a violation of their due process rights.

 *2. Application of the Standard of Review and Defendants' Legitimate Security Concerns*

Second, plaintiffs contend that Judge Peebles misapplied the standard of review, and further object to Judge Peebles' finding that the bathroom and shower policies were the result of legitimate security concerns. (Dkt. No. 52 at 2, 3.) Plaintiffs' objections are without merit.

In analyzing the shower and bathroom policies, the court must balance plaintiffs' substantive rights against the state's interest in "maintaining institutional security and preserving internal order." *Ahlers v. Rabinowitz*, 684 F.3d 53, 61 (2d Cir. 2012) (quoting *Bell v. Wolfish*, 441 U.S. 520, 546 (1979)). While individuals "who have been involuntarily committed are entitled to more considerate treatment and conditions of confinement than [prison inmates]," *Youngberg*, 457 U.S. at 321-22, "the state's interest in maintaining order and security is not punitive in purpose or character, and remains valid in institutions of civil confinement," *Ahlers*,

10

684 F.3d at 61. In balancing these competing interests, the defendants' decisions are afforded "a presumption of correctness." *Id.* (quotation marks omitted); *see Youngberg*, 457 U.S. at 324-25 ("The administrators, and particularly professional personnel . . . should not be required to make each decision in the shadow of an action for damages.").

Here, defendants' reasons for implementing the bathroom and shower policies are compelling. Defendants stated that the policies were motivated by security concerns, including fighting, involuntary and voluntary sexual activity, and trafficking of contraband, such as tobacco, pornography, and weapons, in the bathrooms and showers. (Dkt. No. 27, Attach. 4 ¶¶ 18-20.) The Supreme Court has noted that policies designed to keep contraband out of jails and prisons have been upheld, *Florence v. Bd. of Chosen Freeholders of Cnty. of Burlington*, 132 S. Ct. 1510, 1516 (2012), and courts in this district have discussed the "societal interest in protecting the health, safety, and welfare of the patients and staff [in a state psychiatric center] who would be detrimentally affected without sufficient precautionary measures," *Aiken v. Nixon*, 236 F. Supp. 2d 211, 232 (N.D.N.Y. 2002).

Given these compelling state interests, and given "the presumption of correctness" afforded to defendants in this Circuit, the bathroom and shower policies do not violate the Constitution, and Judge Peebles did not err in his application of the standard of review. *Ahlers*, 684 F.3d at 61. Accordingly, plaintiffs have failed to allege a violation of their Fourteenth Amendment due process rights.

  *3. Downgrading of Plaintiffs' Complaints*

Third, plaintiffs argue that Judge Peebles failed to review their claim that defendants denied them due process by repeatedly downgrading their complaints of abuse. (Dkt. No. 52 at 3.) Although the R&R does not address this claim, the claim fails nevertheless.

In the prison context, the law is well settled that inmates do not have a substantive constitutional right to grievance procedures. *Brown v. Hogan*, No. 9:07-CV-842, 2009 WL 3756595, at *3-4 (N.D.N.Y. Nov. 6, 2009) (citing *Torres v. Mazzuca*, 246 F. Supp. 2d 334, 342 (S.D.N.Y. 2003). Further, "a violation of the inmate grievance procedures does ***not*** give rise to a claim under section 1983." *Id.* at *3. In *Brown*, the court held that "even assuming that [residents] at CNYPC have the same rights

as those confined pursuant to criminal convictions, there is no constitutional right to any grievance procedure, and assuming that a grievance procedure exists, there is no constitutional right, protecting the plaintiff from defendants' violation of that procedure." *Id.* at *4. Similarly, here, even accepting all of plaintiffs' allegations as true, there is no federal constitutional right protecting plaintiffs from defendants' violation of CNYPC's grievance procedure.[5] Accordingly, plaintiffs have failed to allege a violation of their Fourteenth Amendment due process rights.

## B. Plaintiffs' General Objection

Finally, plaintiffs object to the R&R on the basis that Judge Peebles failed to review their claim of deliberate indifference and failed to review their claims of inhumane and unsanitary conditions. (Dkt. No. 52 at 3, 4.) These are general objections, and the court reviews them for clear error. *Almonte*, 2006 WL 149049, at *4-5.

Plaintiffs' objections are without merit. As an initial matter, Judge

---

[5] To the extent that these claims arise under New York State law, the court agrees with Judge Peebles and, after having disposed of all of the federal claims, declines to exercise supplemental jurisdiction over the remaining state law claims. (R&R at 28.)

13

Peebles *did* address plaintiffs' claims that defendants acted with deliberate indifference and the conditions in which plaintiffs lived. (R&R at 14-20.) Further, because these objections merely raise arguments that plaintiffs previously addressed, these objections are general and do not warrant *de novo* review. *See Gusky v. Astrue*, No. 10-CV-00919MAT, 2013 WL 3776257, at *3 (W.D.N.Y. July 2, 2013) ("[W]hen the objections simply reiterate previous arguments . . . the Court should review the report for clear error."); *Almonte*, 2006 WL 149049, at *4. The court, having carefully reviewed the record, finds no clear error in the R&R.

After careful consideration of the arguments advanced by plaintiffs in their responses to defendants' summary judgment motion and in their objections to the R&R, Judge Peebles' conclusion that summary judgment is appropriate is correct largely for the reasons stated in the R&R.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge David E. Peebles' August 28, 2013 Report-Recommendation and Order (Dkt. No. 51) is **ADOPTED** in its entirety; and it is further

**ORDERED** that defendants' motion for summary judgment (Dkt. No. 27) is **GRANTED**; and it is further

**ORDERED** that plaintiffs' complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

November 20, 2013
Albany, New York

_____
Gary L. Sharpe
Chief Judge
U.S. District Court